# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LONNIE EVANS, Register No. 513598, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05-4073-CV-C-SOW ) |
| J. CLANTON, et al., | ) ) |
| Defendants. | ) ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 16, 2005, defendant McKenzie filed a motion to dismiss, alleging plaintiff's claims are based upon respondeat superior and, thus, fail to state a claim on which relief may be granted under 42 U.S.C. 1983. Plaintiff filed a response on July 5, 2005, and on July 20, 2005, defendant filed a reply.

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

Although plaintiff's response states Captain McKenzie was a supervisor and negligently managed her employees at Missouri Department of Corrections, it also states that Captain McKenzie was deliberately indifferent to plaintiff's health in that she was notified plaintiff had been sprayed with mace and was being refused a shower, contrary to

medical staff orders; and that he had been denied his evening meal, yet Captain McKenzie took no action to remedy the situation.

Upon review of the claims in the light most favorable to plaintiff, the court finds that although negligence claims and claims based solely upon a defendant's supervisory role are not actionable under section 1983, plaintiff's claims in the instant case alleging Captain McKenzie had knowledge and with deliberate indifference failed to take action are sufficient for plaintiff to proceed.

Plaintiff has filed a motion for reconsideration of appointment of counsel, and a renewed motion for appointment of counsel. On April 18, 2005, this court denied plaintiff's prior request. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motion will be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion for reconsideration of appointment of counsel, and renewed motion for appointment of counsel are denied, without prejudice [18, 31]. It is further

RECOMMENDED that defendant McKenzie's motion to dismiss be denied [16].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 28th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge