IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LONNIE EVANS, Register No. 513598,    )
                                       )
                    Plaintiff,         )
                                       )
            v.                         )    No. 05-4073-CV-C-SOW
                                       )
J. CLANTON, et al.,                    )
                                       )
                    Defendants.        )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Lonnie Evans, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court are motions for summary judgment filed by both plaintiff and defendants and their respective responses and replies to such motions. Defendants' motion to strike plaintiff's supplemental objection to their motion for summary judgment is denied; rather, the court will consider defendants' supplemental reply suggestions in support of summary judgment.

Plaintiff's motion for summary judgment and suggestions in opposition to defendants' motion for summary judgment state that defendant Corrections Officer Clanton's actions of spraying plaintiff with pepper spray, and the subsequent denial of a shower to plaintiff by defendants Corrections Officer Hovis and Captain McKenzie constituted cruel and unusual punishment, in violation of the Eighth Amendment. Plaintiff states that upon requesting that defendant Clanton give him a different food tray, he was unnecessarily sprayed with pepper spray by Clanton. Plaintiff further states that despite orders from the nurse to defendant Hovis that plaintiff receive a shower, Hovis and his supervisor, Capt. McKenzie, denied him a shower. Plaintiff states it was not until the next morning, approximately sixteen hours later, that he received a shower. Plaintiff states the pepper spray caused him breathing problems due to his asthma, and caused him to have a skin rash for approximately two to three weeks.

Defendants state plaintiff was sprayed with pepper spray because he refused direct orders from defendant Clanton, at least twice, and plaintiff's actions of refusing to remove his arm and/or hand from the food port in his cell door posed a security threat. Defendants further state plaintiff was not immediately given a shower because he had copious amounts of water and soap immediately available in his cell to wash the pepper spray off his stomach and right hand, the only areas sprayed. Defendants further argue that plaintiff had immediate access to his inhaler, which he successfully used to control his breathing after being sprayed. Finally, defendants state there is no evidence that the pepper spray rash plaintiff suffered was the result of a delay in receiving a shower; rather, defendants state plaintiff admits to waiting thirty minutes before trying to wash up in his cell, and there is no evidence that plaintiff would not have had the rash had he immediately been provided a shower.

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

*Excessive Use of Force*

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "'unnecessary and wanton infliction of pain,'" however, violates the Eighth Amendment. Id. at 319 (citation omitted). Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty." Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994). In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. Id. at 871.

Prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force. Whitley, 475 U.S. at 319; Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993). When faced with a disturbance, prison officials must act quickly and decisively to restore order. Hudson, 503 U.S. at 6. Courts should not interfere with prison administration unless officials have acted in bad faith or without any legitimate purpose. Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990).

Although serious injury is not required to show cruel and unusual punishment, Hudson v. McMillian, 503 U.S. 1 (1992), it is a factor that may be considered. Howard, 21 F.3d at 871.

In the instant case, plaintiff's testimony provides that his hand was in the food service slot and that at least twice, he refused to comply with the direct orders of defendant Clanton to remove his arm from the food service slot. The Eighth Circuit has held that use of pepper spray is not malicious or sadistic when used on a recalcitrant prisoner who has refused to comply with a direct order. Jones v. Shields, 207 F.3d 491 (8th Cir. 2000). Plaintiff's attempt to distinguish a request by defendant Clanton to remove his arm, versus his hand, is not persuasive. A

3

reasonable person would assume that a request to remove one's arm from the food service slot would include the removal of one's hand also. This is especially true when plaintiff's admitted failure to remove his hand from the food service slot resulted in defendant Clanton repeating his order for plaintiff to remove his arm from the food service slot.

Furthermore, there is no dispute that plaintiff was given warning that he was going to be sprayed with pepper spray if he did not comply with the orders of defendant Clanton. Plaintiff admits in his deposition that after Clanton first ordered him to remove his arm, defendant Clanton took out his pepper spray and again repeated his order. Plaintiff admits he was sprayed only after given this second direct order. Additionally, defendants have provided evidence that an inmate placing his arm and/or hands in the food service slot is perceived to be a threat to security, because such action can result in inmates throwing things out of their cells at corrections officers, or grabbing corrections officers as they pass by. Thus, plaintiff's claims are distinguishable from cases such as Treats v. Morgan, 308 F.3d 868, 873 (8th Cir. 2002), where denial of summary judgment was affirmed on a prisoner's claim that the corrections officer used pepper spray without warning the inmate who may have questioned his actions but who otherwise posed no threat.

Finally, although serious or permanent injury is not required to make out an Eighth Amendment claim, some actual injury must be shown, and the court considers the extent of the pain inflicted in order to determine whether a constitutional deprivation has occurred. Plaintiff's testimony establishes he was only sprayed with pepper spray on his stomach and right hand. Although plaintiff states he suffered asthma breathing problems as a result, and a skin rash on his stomach, the undisputed evidence is that such injuries were controlled and were de minimis. Plaintiff had immediate access to water and soap in his cell to wash off the spray. Although plaintiff suffered a rash on his stomach for a period of two to three weeks, it was treated with an anti-itch cream, and plaintiff suffers no long-term effects from it. Furthermore, to the extent plaintiff suffered asthma-related breathing problems, plaintiff's testimony provides that he immediately had access to his inhaler which controlled his breathing problems.

Therefore, based upon the undisputed material facts in this case, a reasonable jury could not find defendant Clanton's actions constituted excessive use of force, and therefore, defendant Clanton is entitled to summary judgment as a matter of law.

*Deliberate Indifference*

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

In the instant case, plaintiff states defendants Hovis and McKenzie delayed his receiving a shower to wash off the pepper spray, despite a nurse's orders that a shower be provided in consideration of plaintiff's asthma. Plaintiff states he did not receive a shower until the next morning, sixteen hours after he was sprayed.

The medical records provided by plaintiff fail to provide that a shower was specifically ordered by the nurse who assessed him shortly after he was sprayed. Rather, the undisputed evidence, as provided in the deposition testimony of plaintiff and defendants, is that plaintiff had immediate access to water and soap in his cell for purposes of washing off the pepper spray. Cf.

5

Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (court upheld nominal damages award for excessive use of force where prisoner received no medical care and no ability to wash off the pepper spray for a period of several days). Additionally, the record clearly indicates that plaintiff's exposure to pepper spray was limited to his stomach and hand, with a little irritation in his eyes after plaintiff wiped them with his hand. Plaintiff's own testimony provides that his eyes did not burn for long because he used a wash rag to wipe his face and eyes.

Plaintiff's testimony provides that he had immediate access to his asthma inhaler, and that it controlled his breathing after being sprayed. Plaintiff states that only one other time, later that evening, did he again use his inhaler to control his breathing.

Plaintiff's statements fail to provide that his being sprayed by pepper spray and not immediately being provided a shower posed a serious medical need. Plaintiff's immediate access to his asthma inhaler and soap and water to wash the limited areas of his body affected, counter his allegations of deliberate indifference to a serious medical need. Moreover, the evidence is that any injury that may have been suffered by plaintiff as a result of the delay was de minimis, at most. Plaintiff's asthma condition was immediately controlled with the use of his inhaler, and the skin rash was medically treated with anti-itch cream, and lasted only two or three weeks. Plaintiff had no lasting effects from his exposure to the pepper spray. Furthermore, plaintiff has come forward with no evidence that the rash was caused by his denial of access to an immediate shower; rather, the evidence is that plaintiff had immediate access to soap and water in his cell to wash off the pepper spray, and that the rash may have developed regardless of access to a shower. Defendants also provide that plaintiff delayed washing the spray off his stomach skin for approximately thirty minutes after being sprayed.

The undisputed evidence is that plaintiff had immediate access to his inhaler, was promptly seen by medical personnel, and had immediate access in his cell to soap and water for the purposes of washing off the pepper spray from the limited affected areas of his stomach and hand. Under these circumstances, no reasonable jury could find that defendants' alleged denial of an immediate shower to plaintiff constituted deliberate indifference to his medical needs.

*Conclusion*

For the reasons set forth above, the court finds there to be no dispute of material fact as to plaintiff's claims and that taking such facts in the light most favorable to plaintiff, no reasonable

6

jury could find on behalf of plaintiff on his claims of excessive use of force and deliberate indifference. Therefore, as a matter of law, defendants are entitled to summary judgment, and plaintiff's claims should be dismissed.

In light of this court's recommendation to grant defendants' motion for summary judgment, plaintiff's motion for appointment of counsel will be denied.

IT IS, THEREFORE, ORDERED plaintiff's motion for appointment of counsel is denied, without prejudice [52]. It is further

ORDERED that defendants' motion to strike is denied [75]. It is further

RECOMMENDED that plaintiff's motion for summary judgment be denied [60]. It is further

RECOMMENDED that defendants' motion for summary judgment be granted, and plaintiff's claims be dismissed [63].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 19th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge